**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

**CHRISTOPHER TAYLOR**, individually and on behalf of others similarly situated,

Plaintiff,

vs.

**PENHALL COMPANY,**

Defendant.

Complaint - Class Action

Jury Trial Demanded

Civil Case No.:

## COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Christopher Taylor, individually and on behalf of all others similarly situated, by and through his attorneys, Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendant Penhall Company, and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1. Plaintiff Christopher Taylor ("Plaintiff" or "Taylor") brings this action for himself and all other similarly situated hourly-paid, non-exempt field employees to recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant Penhall Company's ("Defendant" or "Penhall") willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Additionally, Plaintiff brings this action for himself and all other similarly situated hourly-paid, non-exempt field employees to recover unpaid wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violations of the Colorado Minimum Wage Order Number 35 and Colorado Overtime and Minimum Pay Standards Orders #36 - 39 (collectively "COMPS"), 7 CCR § 1103-1, and the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et seq*. (hereafter referred to as "Colorado

Wage and Hour Laws"), as well as the Virginia Wage Payment Act ("VWPA"), Va. Code § 40.1-29, and the Virginia Overtime Wage Act ("VOWA"), Va. Code § 40.1-29.2 (hereafter referred to as "Virginia Wage and Hour Laws").

3. Defendant Penhall Company, headquartered in Irving, Texas, operates one of the largest concrete services networks in North America and maintains branch offices and field operations across numerous regions of the United States and Canada, including South Carolina, Maryland, California, Texas, Mississippi, Alabama, North Carolina, Colorado, Hawaii, Indiana, Tennessee, Arizona, Nevada, Oregon, Utah, Washington, Florida, Georgia, and Ohio, through which it performs concrete cutting, coring, scanning, demolition, and related structural and infrastructure services for commercial, industrial, and governmental clients.

4. Plaintiff and the putative FLSA collective and Rule 23 class members are hourly-paid, non-exempt field employees employed by Defendant in the last three (3) years, who were deprived of proper wages as a result of the following unlawful policies:

a. Only paying hourly-paid, non-exempt field employees for hours worked at job sites and for some of their time spent driving company vehicles, resulting in uncompensated hours worked in excess of forty (40) hours in a workweek, including time spent on loading, unloading, and organizing work tools, material, and equipment, travel away from their home communities that cut across their normal working hours (i.e. between their homes and assignment areas), and on daily travel between Defendant's facilities, temporary lodging sites, third-party retailers and vendor sites, and job sites; and

b. Excluding hourly-paid, non-exempt field employees' referral bonuses from the calculation of the regular rate of pay for overtime purposes;

5. As a result of these policies, Defendant failed to pay hourly-paid, non-exempt field employees for all hours worked, including hours worked in excess of forty (40) hours in a week, and failed to pay them time-and-a-half of their regular rate of pay for all hours worked in excess of forty (40) hours in a week, in violation of the FLSA, Colorado Wage and Hour Laws, and Virginia Wage and Hour Laws.

6. Defendant failed to permit hourly-paid, non-exempt field employees working in Colorado to take paid, duty-free ten-minute rest periods for every four hours or a significant fraction thereof worked and failed to count missed rest break time as hours worked for purposes of straight-time and overtime compensation, in violation of Colorado Wage and Hour Laws.

7. Plaintiff asserts the FLSA claims individually and on behalf of a putative "FLSA Collective" defined as:

> *All hourly-paid, non-exempt field employees employed by Defendant in the United States or in any other place covered by the FLSA at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

8. Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid, non-exempt field employees of Defendant, informing them of their rights to assert FLSA claims in this collective action by filing consent forms.

9. Plaintiff asserts the Colorado Wage and Hour Laws claims individually and pursuant to Fed. R. Civ. P. 23 on behalf of a putative "Rule 23 Colorado Class" defined as:

> *All hourly-paid, non-exempt field employees employed by Defendant in the State of Colorado at any time from six (6) years prior to the filing of this Complaint through the date of judgment.*

10. Plaintiff asserts the Virginia Wage and Hour Laws claims individually and pursuant to Fed. R. Civ. P. 23 on behalf of a putative "Rule 23 Virginia Class" defined as:

> *All hourly-paid, non-exempt field employees employed by Defendant in the Commonwealth of Virginia at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

13. The Court has general personal jurisdiction over Defendant because it is domiciled in Texas.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and because a substantial portion of the events and omissions that give rise to the claim occurred in this District.

**PARTIES**

15. Defendant Penhall Company is a corporation created and existing under and by virtue of the laws of the State of Texas.

16. Defendant maintains its headquarters and principal place of business at 1212 Corporate Drive, Suite 500, Irving, TX 75038.

17. Plaintiff Christopher Taylor has been a resident of Harris County, Texas, throughout his employment with Defendant and continuing through the present.

18. Plaintiff was employed by Defendant from on or around January 15, 2024 to August 2025, as an hourly-paid field employee.

19. His job title was "Concrete Technician."

20. Plaintiff worked for Defendant in states including Texas, Colorado, Virginia, Tennessee, North Carolina, South Carolina, Ohio, and Kansas, including at his local Penhall Facility (located in the Houston Metropolitan Area).

21. Plaintiff regularly performed work duties in the Houston Metropolitan Area throughout his employment.

22. Plaintiff's written consent to become an FLSA party plaintiff is attached hereto as

Exhibit 1.

## FACTUAL ALLEGATIONS[1]

23. Defendant operates in numerous states throughout the United States, specializing in concrete services like concrete cutting, coring, scanning, demolition, and related structural and infrastructure services for commercial, industrial, and governmental clients.

24. Defendant operates an enterprise engaged in commerce as defined under the FLSA.

25. Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

26. Defendant is an enterprise that has two (2) or more employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

27. Hourly paid technicians are individually engaged in commerce, for purposes of FLSA coverage.

28. Defendant is the "employer" of hourly-paid, non-exempt field employees within the meaning of the FLSA, COMPS, CWCA, VWPA, and VOWA.

29. Hourly-paid, non-exempt field employees are "employees" of Defendant within the meaning of the FLSA, COMPS, CWCA, VWPA, and VOWA.

30. Hourly-paid, non-exempt field employees' primary job duties include travelling to job sites where they perform various tasks related to structural concrete repair, finishing, the application of composite reinforcement systems, concrete cutting, core drilling, and slab sawing.

---

[1] The allegations in this Complaint, unless otherwise specified, refer to the time period of six (6) years prior to the filing of this Complaint through the present.

31. The job titles held by Defendant's hourly-paid, non-exempt employees include Concrete Cutting Trainee, Experienced Concrete Cutter, Concrete Technician, Laborer, Journeyman, Concrete Rehabilitation Technician, GPR Analyst, Subsurface Specialist, Highway Pavement Grinder Operator, Mechanic Assistant, and Mechanic.

32. Defendant assigns hourly-paid, non-exempt field employees to perform work outside their home communities at various job sites for several days, weeks, or months at a time, requiring travel that is integral to their job duties.

33. Defendant provides hourly-paid, non-exempt field employees with temporary lodging at hotels near the worksite areas at which they are assigned to work, at which they reside overnight for several days, weeks, or months at a time.

34. Defendant requires hourly-paid, non-exempt field employees to report to nearby Penhall facilities and load and organize work tools, materials, and equipment before traveling to jobsites.

35. Hourly-paid, non-exempt field employees often use company vehicles as a means of transportation to travel between local Penhall facilities, temporary lodging sites, third-party retailers and vendor sites, and job sites.

36. Hourly-paid, non-exempt field employees are often required to use personal vehicles for such transportation from time to time.

37. Hourly-paid, non-exempt field employees' base compensation consists of an hourly rate of pay.

38. In addition to their base compensation, Defendant also pays hourly-paid, non-exempt field employees through forms of compensation, including but not limited to referral bonuses.

39. Defendant is contractually obligated to pay each hourly-paid technician for all hours worked, including travel time that is part of the principal activity of the employee's workday.

40. Defendant suffers and permits hourly-paid, non-exempt field employees to regularly work more than forty (40) hours per week.

41. Defendant determines how many hours to pay hourly-paid, non-exempt field employees for in each week based on the number of daily work hours their foremen report in Defendant's electronic timekeeping system on their behalf.

42. Defendant's foremen only clock hourly-paid, non-exempt field employees in for hours worked at job sites and for some of their time spent driving company vehicles.

43. By contrast, Defendant's foremen do not clock hourly-paid, non-exempt field employees in for hours worked while performing other compensable work in excess of forty (40) hours in a workweek.

44. The compensable work hourly-paid, non-exempt field employees perform while not clocked into Defendant's timekeeping system includes loading, unloading, and organizing work tools, materials, and equipment in work vehicles at Defendant's facilities, temporary lodging sites, and/or at third-party retailers and vendor locations.

45. The compensable work that Defendant suffers and permits hourly-paid, non-exempt field employees to perform while not clocked into Defendant's timekeeping system includes traveling (as passengers and sometimes as drivers) to remote job sites directly after loading and organizing work tools, materials, and equipment at temporary lodging sites, and/or at third-party retailers and vendor locations, as well as travelling from remote job sites directly before performing such work, which is compensable because travel from a required meeting point is part of the workday under 29 C.F.R. § 785.38.

46. The compensable work that Defendant suffers and permits hourly-paid, non-exempt field employees to perform while not clocked into Defendant's timekeeping system includes traveling from their home communities to areas in which their temporary lodging sites and remote job sites are located, which cuts across their normal working hours, and is thus compensable under 29 C.F.R. § 785.39.

47. Defendant knows, or should know, that hourly-paid, non-exempt field employees perform all of the foregoing compensable work activities off the clock, without compensation, and in excess of forty (40) hours in a workweek.

48. As a result, Defendant knowingly and willingly fails to pay hourly-paid, non-exempt field employees for all hours worked, including hours worked in excess of forty (40) in a workweek.

49. Defendant pays "Referral Bonuses" to hourly-paid, non-exempt field employees who recruit new workers to the company.

50. Employees earn the bonus by successfully referring a new hire, but Defendant pays the bonus only in installments and only if both the referring employee and the referred employee remain employed for specified periods of time, with bonus payments stopping if the referred employee is terminated.

51. These nondiscretionary Referral Bonuses must be included in the regular rate of pay for overtime purposes.

52. Defendant fails to include referral bonuses in the calculation of the regular rate for overtime purposes.

53. As a result, in many weeks Defendant pays hourly-paid, non-exempt field employees for hours worked over forty (40), to the extent they have been clocked in, at a rate less

than time-and-a-half of their regular rates of pay.

54. Hourly-paid, non-exempt field employees in Colorado regularly work shifts of four or more hours.

55. Defendant does not authorize or permit paid, duty-free ten-minute rest periods to such employees as required by COMPS.

56. Defendant fails to count missed rest break time as hours worked for purposes of straight-time and overtime compensation.

57. Defendant is aware of, and/or recklessly disregards the possibility that the compensable work activities and travel time performed by hourly-paid, non-exempt field employees must be included in employees' hours worked but fails to do so.

58. Defendant is aware of, and/or recklessly disregards the possibility that the Referral Bonuses it pays to hourly-paid, non-exempt employees must be included in the calculation of employees' regular rates of pay for overtime purposes but fails to do so.

59. Defendant has willfully violated the FLSA, COMPS, the CWCA, the VOWA, and the VWPA.

60. Defendant's wrongful acts and/or omissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

## COLLECTIVE ACTION ALLEGATIONS

61. Plaintiff re-alleges and incorporates all previous paragraphs herein.

62. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid, non-exempt field employees who have

been affected by Defendant's common unlawful policies and practices, which include failing to pay overtime compensation for all hours worked, in violation of the FLSA, 29 U.S.C. § 201, *et seq*., and attendant regulations at 29 C.F.R. § 516, *et seq*.

63. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of the FLSA Collective, as defined above.

64. As a result of the Defendant's illegal policies, there were many weeks in which Defendant failed to compensate members of the FLSA collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

65. Plaintiff estimates that many similarly situated hourly paid, non-exempt field employees worked for Defendant during the relevant period and were denied overtime at one and one-half times their regular rate of pay. The precise number and identity of these individuals can be determined from Defendant's payroll and personnel records.

66. Plaintiff brings this collective action to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as permitted by section 216(b) of the FLSA.

67. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

68. Plaintiff seeks to send notice to the hourly-paid, non-exempt field employees of Defendant informing them of their rights to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

69. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action is similarly situated

because they were subject to the same or similar unlawful policies and practices as stated herein, and their claims are based upon the same factual and legal theories.

70. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type of claim that has often been prosecuted on a collective basis, and the manner of identifying the collective and providing any monetary relief to it can be determined from a review of Defendant's records.

71. Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

72. Plaintiff re-alleges and incorporates all previous paragraphs herein.

73. Plaintiff also seeks to maintain this action pursuant to Fed. R. Civ. P. 23, as an opt-out class action, on behalf of all hourly-paid, non-exempt field employees who have been affected by Defendant's common unlawful policies and practices, which include failing to pay straight time and overtime compensation for all hours worked, in violation of the CWCA, COMPS, VWPA, and VOWA.

74. Plaintiff brings this Rule 23 class action on behalf of the "Rule 23 Colorado Class" and the "Rule 23 Virginia Class," as defined above.

75. Plaintiff brings this Rule 23 class action against Defendant to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the COMPS, CWCA, VWPA, and VOWA.

76. The members of the Rule 23 classes are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that a substantial number of class members have worked in Colorado and Virginia. The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

77. There is a well-defined community of interest among the Rule 23 class members, and common questions of law and fact predominate in this action over any questions affecting each individual class member.

78. Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay straight-time and overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations, and separate litigation would risk inconsistent results.

79. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay straight time and overtime wages. Thus, there are common questions of law and fact that apply to each and every one of the class members.

80. Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

81. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

82. Plaintiff, individually and on behalf of the Rule 23 class members, demands a trial

by jury.

**COUNT I**
**(Individual and 29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.***
**Failure to Pay Overtime Wages**

83. Plaintiff re-alleges and incorporates all previous paragraphs herein.

84. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

85. Plaintiff and the FLSA collective members worked over forty (40) hours a week for Defendant in many workweeks.

86. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the FLSA collective members for all hours worked in excess of forty (40) hours in a workweek.

87. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the FLSA collective members overtime pay at a rate of one and one-half (1.5) times their regular rates of pay.

88. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

89. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

90. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for

all unpaid hours worked in excess of forty (40) in a workweek, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(Individual and Fed. R. Civ. P. 23 Class Action Claims)**
**Violation of Colorado Overtime and Minimum Pay Standards Order #39**
**and Colorado Wage Claim Act**
**C.R.S. § 8-4-101 *et seq.*; 7 C.C.R. § 1103-1**
**Failure to Pay Overtime**

91. Plaintiff re-alleges and incorporates all previous paragraphs herein.

92. COMPS and the CWCA require payment of overtime wages for hours worked in excess of forty (40) hours in a workweek.

93. Plaintiff and the Rule 23 class members in Colorado worked over forty (40) hours a week for Defendant in many workweeks.

94. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the Rule 23 class members for all hours worked in excess of forty (40) hours in a workweek.

95. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the Rule 23 class members overtime pay at a rate of one and one-half (1.5) times their regular rates of pay.

96. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

97. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to the CWCA.

**COUNT III**
**(Individual and Fed. R. Civ. P. 23 Class Action Claims)**
**Violation of Colorado Overtime and Minimum Pay Standards Order #39**
**and Colorado Wage Claim Act**
**C.R.S. § 8-4-101 *et seq.*; 7 C.C.R. § 1103-1**
**Failure to Pay for All Hours Worked**

98. Plaintiff re-alleges and incorporates all previous paragraphs herein.

99. COMPS and the CWCA require employers to pay employees for all hours worked, including time spent on pre-shift duties, post-shift work, job-related travel, and other compensable time, regardless of whether those hours qualify for overtime.

100. Plaintiff and the Rule 23 class members in Colorado regularly performed work for Defendant before and/or after their scheduled shifts, during meal periods, and while traveling between job sites or assignments.

101. As a result of the policies and violations alleged herein, Defendant failed to compensate Plaintiff and the Rule 23 class members for all hours worked, including off-the-clock time and time not correctly recorded.

102. Defendant's failure to pay for all hours worked deprived Plaintiff and the Rule 23 class members of earned wages in violation of COMPS and the CWCA.

103. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

104. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were unlawfully deprived of wages earned for compensable time, in such amounts to be determined at trial, and are entitled to recover all unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to the CWCA.

**COUNT IV**
**(Individual and Fed. R. Civ. P. 23 Class Action Claims)**
**Violation of Colorado Overtime and Minimum Pay Standards Order Number 39 and Colorado Wage Claim Act**
**C.R.S. § 8-4-101, *et seq.;* and 7 C.C.R. § 1103-1**
**Failure to Pay Daily Overtime for Hours Worked in Excess of Twelve (12) Hours in a Workday**

105. Plaintiff re-alleges and incorporates all previous paragraphs herein.

106. COMPS, Rule 4.1.1, requires employers to pay employees overtime compensation at one and one-half (1.5) times the regular rate of pay for all hours worked in excess of twelve (12) hours in a workday, or in excess of twelve (12) consecutive hours, whichever results in the greater amount of wages.

107. Plaintiff and the Rule 23 class members in Colorado regularly worked shifts that exceeded twelve (12) hours in a workday and/or exceeded twelve (12) consecutive hours.

108. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the Rule 23 class members daily overtime wages at one and one-half (1.5) times their regular rates of pay for hours worked in excess of twelve (12) hours in a workday or twelve (12) consecutive hours.

109. Defendant's failure to pay daily overtime wages violated COMPS and the Colorado Wage Claim Act.

110. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

111. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were unlawfully deprived of daily overtime compensation earned, in such amounts to be determined at trial, and are entitled to recover all unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and any other

compensation permitted under the Colorado Wage Claim Act.

**COUNT V**
**(Individual and Fed. R. Civ. P. 23 Class Action Claims)**
**Violation of Colorado Overtime and Minimum Pay Standards Order Number 39 and Colorado Wage Claim Act**
**C.R.S. § 8-4-101 *et seq.;* and 7 C.C.R. § 1103-1**
**Failure to Authorize and Permit Paid Rest Breaks**

112. Plaintiff re-alleges and incorporates all previous paragraphs herein.

113. COMPS, Rule 5.2 requires employers to authorize and permit a paid ten (10) minute rest period for every four hours worked, or for any major fraction thereof.

114. COMPS requires employers to authorize and permit paid rest breaks during which employees are not required to perform work duties.

115. COMPS requires that paid rest break time be counted as time worked for purposes of both straight-time wages and overtime wages.

116. Plaintiff and the Rule 23 class members in Colorado regularly worked shifts of four hours or more and, therefore, were entitled to paid ten-minute rest breaks under COMPS.

117. As a result of the policies and violations alleged herein, Defendant failed to provide or permit paid rest breaks as required by COMPS and failed to compensate Plaintiff and the Rule 23 class members for the paid rest break time that should have been included as hours worked.

118. Defendant's failure to authorize and permit rest breaks deprived Plaintiff and the Rule 23 class members of earned wages and required rest periods in violation of COMPS and the CWCA.

119. Defendant's conduct and practices described herein were willful, intentional, unreasonable, arbitrary, and in bad faith.

120. As a result of Defendant's uniform and common policies and practices described

above, Plaintiff and the Rule 23 class members were unlawfully deprived of wages associated with missed paid rest breaks in such amounts to be determined at trial, and are entitled to recover all unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and all other compensation permitted under COMPS and CWCA.

**COUNT VI**
**(Individual and Fed. R. Civ. P. 23 Class Action Claims)**
**Violation of Virginia Overtime Wage Act**
**Va. Code Ann. § 40.1-29.2**
**Failure to Pay Overtime**

121. Plaintiff re-alleges and incorporates all previous paragraphs herein.

122. VOWA provides that any employer that violates the overtime pay requirements of the FLSA shall be liable to the employee for the applicable remedies, damages, or other relief available under the FLSA.

123. Plaintiff and the Rule 23 class members in Virginia worked over forty (40) hours a week for Defendant in many workweeks.

124. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the Rule 23 class members for all hours worked in excess of forty (40) hours in a workweek.

125. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the Rule 23 class members overtime pay at a rate of one and one-half (1.5) times their regular rates of pay.

126. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

127. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for

all unpaid hours worked in excess of forty (40) in a workweek, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to VOWA.

**COUNT VII**
**(Individual and Fed R. Civ. P. 23 Class Action Claims)**
**Violation of Virginia Wage Payment Act**
**Va. Code Ann. § 40.1-29(A)**
**Failure to Pay for All Hours Worked**

128. Plaintiff re-alleges and incorporates all previous paragraphs herein.

129. The VWPA requires every employer to establish regular pay periods and pay all wages or salaries due to employees on those regular paydays.

130. Defendant was contractually obligated to pay Plaintiff and the Rule 23 class members for all hours worked.

131. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the Rule 23 class members for all hours worked.

132. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

133. As a result of Defendant's conduct described above, Plaintiff and the Rule 23 class members were illegally deprived of compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amount, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs, and other compensation pursuant to VWPA.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

A. A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the FLSA, Colorado Wage and Hour Laws, and Virginia Wage and Hour Laws;

B. An Order for injunctive relief ordering Defendant to comply with the FLSA, Colorado Wage and Hour Laws, and Virginia Wage and Hour Laws, and end all of the illegal wage practices alleged herein;

C. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

D. Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the Colorado Wage and Hour Laws, and Virginia Wage and Hour Laws claims set forth herein;

E. Ordering Defendant to disclose in computer format, or in print if no computer-readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment, and locations of employment of all FLSA collective and Rule 23 Class Members;

F. Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

G. Designating Plaintiff as the representative of the FLSA Collective and Rule 23 Classes in this action;

H. Designating the undersigned counsel as counsel for the FLSA Collective and Rule 23 Classes in this action;

I. Judgment for damages for all unpaid overtime wages, and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA;

J. Judgment for damages for all unpaid overtime wages, liquidated damages, and pre- and post-judgment interest to which Plaintiff and the Rule 23 Class Members are lawfully entitled

under the Colorado Wage and Hour Laws, and Virginia Wage and Hour Laws;

K. An incentive award for the Plaintiff for serving as representative of the FLSA Collective and Rule 23 Classes in this action;

L. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, Colorado Wage and Hour Laws, and Virginia Wage and Hour Laws;

M. Judgment for any and all civil penalties to which Plaintiff and the FLSA Collective and Rule 23 Class members may be entitled; and

N. Such other and further relief as to this Court may deem necessary, just, and proper.

**JURY DEMAND**

Plaintiff, Christopher Taylor, individually and on behalf of all other FLSA Collective members and Rule 23 Class members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Respectfully Submitted,

Dated: December 19, 2025

By: *_/s Zijian Guan_*
Zijian Guan
(Attorney-in-charge
S.D. Texas Bar No. 2165088
NY State Bar Registration No. 4907010)
Nicholas Conlon (to seek *Pro Hac Vice* admission)
Michael Rinderman (to seek *Pro Hac Vice* admission)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
cocozguan@jtblawgroup.com
nicholasconlon@jtblawgroup.com
michael.rinderman@jtblawgroup.com
*Lead Counsel for Plaintiff*